UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No:   2:14-cr-117-FtM-38DNF

JAMES ECKFORD KENNEDY,

    Defendant.
_____/

## **ORDER**[1]

This matter is before the Court on Defendant James Eckford Kennedy's Motion for Disclosure of U.S. Probation Officer's Confidential Sentencing Recommendation (Doc. #32) filed on March 4, 2015.

Defendant pled guilty to Count One of the Indictment on December 15, 2015, and he is set to be sentenced on March 16, 2015.  (Doc. #1; Doc. #24; Doc. #25; Doc. #26; Doc. #29).  In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigative Report ("PSR").  (Doc. #30).  In the PSR, the probation officer identified U.S.S.G. § 4A1.3(a)(4)(B) as potential grounds for an upward departure from Defendant's Category VI criminal history.  (Doc. #33 at 12, 22).  Defendant now moves for disclosure of the probation officer's confidential sentencing recommendation.  (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

#32). As grounds, Defendant states that he disagrees with any upward departure or variance that the probation officer may recommend. (Id. at ¶ 6).

The rules do not support the notion that Defendant is entitled to see the probation officer's recommendation as a matter of right. Rule 32(e)(3) of the Federal Rules of Criminal Procedure states, "[b]y local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." Fed. R. Crim. P. 32(e)(3). In this Court, Local Rule 4.12(f) "directs the probation officer not to disclose the probation officer's recommendation, if any, on the sentence, pursuant to its authority in Rule 32(e)(3)." M.D. Fla. Local Rule 4.12(f). As Defendant acknowledges, disclosure of the confidential sentencing recommendation lies solely within this Court's discretion.

After carefully considering Defendant's Motion, the applicable law, and facts in this case, the Court concludes that the appropriate course is to keep the probation officer's sentencing recommendation and rationale confidential. Defendant's motion is devoid of any case-specific facts suggesting it is necessary to depart from Local Rule 4.12(f). With no reason to cease the long-standing practice that is authorized by the Federal Rules of Criminal Procedure, the Court will deny Defendant's Motion.

To the extent Defendant is concerned about an upward departure, the probation officer's confidential sentencing recommendation has no preclusive effect on Defendant contesting any suggested sentencing enhancements. In fact, Defendant has already notified the Court that he intends to argue for a downward departure or variance because his Category VI criminal history "grossly overstates the seriousness of his prior record." (Doc. #31). Defendant echoes the same sentiments in his Sentencing Memorandum.

(Doc. #35).  The Court will carefully consider the Final PSR, the advisory guideline range, the Defendant's written and oral arguments, as well as any evidence and testimony he wishes to present at the sentencing hearing before imposing the sentence.

Finally, Rule 32(h) of the Federal Rules of Criminal Procedure requires district courts to give reasonable notice before they impose a guidelines departure on a ground not identified in the presentence report or in a party's prehearing submission.  Fed. R. Crim. P. 32(h); see also Burns v. United States, 501 U.S. 129, 131 (1991), but see United States v. Ramos, 433 F. App'x 893, 897 (11th Cir. 2011) ("No such notice is required, however, when the court imposes a variance based upon the § 3553(a) factors." (citing Irizzary v. United States, 553 U.S. 708, 715-16 (2008)).  The purpose of this notice is to give effect to Rule 32's requirement that the parties have "an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence."  Burns, 501 U.S. at 135.  As stated, the PSR in this case identifies § 4A1.3(a)(4)(B) as potential grounds for a departure.  Thus, although no further notice is needed at this time, the Defendant is placed on notice that the Court may impose an upward departure based upon § 4A1.3(a)(4)(B) and the facts presented in the PSR.

Accordingly, it is now **ORDERED:**

Defendant James Eckford Kennedy's Motion for Disclosure of U.S. Probation Officer's Confidential Sentencing Recommendation (Doc. #32) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record