UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                   CASE NO.: 2:14-cr-117-FtM-38DNF

JAMES ECKFORD KENNEDY

## ORDER[1]

**BEFORE** the Court is Defendant James Eckford Kennedy's pro se Petition for Early Termination of Probation filed September 9, 2020 (Doc. 66), and the Government's response. (Doc. 68).

On December 15, 2014, James Eckford Kennedy entered a plea of guilty to Count One of the Indictment, which charged the Defendant with Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841 and (b)(1)(C). (Doc. 25). On April 21, 2015 Kennedy was sentenced to sixty-months incarceration to be followed by three years of supervised release, with the special conditions of participation in a substance abuse program and random drug screening. (Doc. 44). His term of supervision commenced upon his release from prison on February 21, 2019 and is set to expire on February 21, 2022.

Kennedy is asking the Court to terminate his supervision so he may become an over the road truck driver, which he cannot do while on supervised release. Kennedy asserts that he is eligible for early termination of his supervision because he has

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

successfully completed half of the term of supervised release imposed by the Court and has stayed out of trouble with no failed drug tests or violations. Further advising that upon his release from incarceration he successfully completed his certification and obtained a Class A CDL license from Suncoast Trucking Academy so he may accomplish his goal of becoming an over the road trucker.

The Government opposes the defendant's request in part arguing that while Kennedy has been successful on supervision thus far, his criminal history paints a much different picture of the defendant and his extensive relationship with the criminal justice system. In fact, the Government argued for an upward departure from the guidelines at Kennedy's sentencing hearing as his 24-year criminal history was a category VI under the United States Sentencing Guidelines.

AUSA Michael Leeman now contends that while Kennedy has maintained stable employment and place of residence with no violations during the first portion of his supervision, and may qualify to request such relief under 18 U.S.C. 3583(e)(1), the Court should also consider prior criminal history when considering the request for early termination. That said, the Government also recognizes the goal of supervision is to assist an offender's transition into becoming a more productive contributing member of society, and therefore recommends that the Court terminate the Defendant's supervision upon the successful completion of two full years of supervised release.

The United States Probation Office does not object to the request for early termination. Probation confirms that the Defendant has complied with the terms of supervision with no violations or positive urinalysis tests and has maintained a stable job and residence while on supervision.

Upon considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

After reviewing the pleadings and the record against the § 3553(a) factors, the Court finds the interest of justice and Defendant's conduct warrant terminating his supervised release upon the successful completion of two full years of supervised release.

Accordingly, it is now

**ORDERED:**

1. Motion for Miscellaneous Relief (Doc. 66) is **GRANTED in part and DENIED in part**.

2. The Defendant's term of supervision **SHALL** terminate at midnight on February 20, 2021, so long as no violations of supervision have been filed. The United States Probation Office is to notify the Court immediately of any violation(s) of supervision.

**DONE AND ORDERED** in Fort Myers, Florida on this 28th day of September 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record